FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 NOV -8 PM 2:58
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD MOXLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-078 |
| | ) | |
| GREGORY COURSEY, Sheriff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Macon State Prison in Oglethorpe, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Plaintiff is proceeding *pro se* and has paid the $350.00 filing fee for this case. Plaintiff names three individuals as Defendants in his complaint, but only Defendants Wright and Coursey have appeared in the case thus far.[2] Because Plaintiff is proceeding *pro se*, the Court previously provided him with some basic instructions regarding the development and progression of this case in an Order dated June 5, 2012. (Doc. no. 3.) In those instructions, the Court explained that Plaintiff is responsible for serving Defendants and explained how service could be accomplished. (Id. at 2.) Specifically, Plaintiff was informed that if any Defendant chooses not to waive formal

---

[1] Although he is currently incarcerated at Macon State Prison, Plaintiff's complaint concerns events that allegedly occurred in Burke County, Georgia. (See doc. no. 1.)

[2] Defendant Wright filed a motion to dismiss (doc. no. 4), and Defendant Coursey filed an answer and a motion to dismiss (doc. nos. 11, 12).

service of the summons, Plaintiff is still responsible for properly effecting service of the summons and complaint on that Defendant. (Id.)

When he was unable to secure a waiver of service from Defendant Johnson, Plaintiff filed a motion on July 27, 2012, requesting that the Court issue an order directing service on Defendant Johnson. (Doc. no. 9.) The Court, in an Order dated August 15, 2012, denied Plaintiff's motion because he failed to allege that he had made any attempt to effect formal service on Defendant Johnson or that he was incapable of doing so. (Doc. no. 19, p. 4.) The Court also reminded Plaintiff that Defendant Johnson was not required to waive service and that it was ultimately Plaintiff's responsibility to properly effect service of the summons and complaint on Defendant Johnson. (Id. at 4-5.)

After the 120 days allowed for service had elapsed, and there was no evidence in the record that Defendant Johnson had been served, the Court directed Plaintiff to show cause why Defendant Johnson should not be dismissed from this case for Plaintiff's failure to effect service. (Doc. no. 22.) Plaintiff did not respond to the Show Cause Order, which was issued on October 10, 2012, and there is still no evidence in the record of Defendant Johnson having been served.

As the Court explained in its October 10, 2012 Show Cause Order, under Federal Rule of Civil Procedure 4(m), courts have discretion to extend the time for service with no predicate showing of good cause. (Id. at 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).) Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time

2

based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). Here, though Defendant Johnson did not waive service, there is no evidence that he is evading service. However, the applicable statute of limitations might bar a refiled action, as § 1983 actions such as the instant one must be brought within two years of their accrual. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).[3]

Nevertheless, the fact that dismissal could result in expiration of the statute of limitations does not necessarily require that the Court extend the time for service provided for under Fed. R. Civ. P. 4(m). See Horenkamp, 402 F.3d at 1133; see also Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008) (*per curiam*) (affirming dismissal for failure to serve despite expiration of statute of limitations during pendency of case); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995) ("[A]bsent a finding of good cause, a district

---

[3]The Court is aware that the Eleventh Circuit has recognized that a claim under § 1983 accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (quoting Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996)). However, the Court makes no definitive finding in this case as to when Plaintiff's claim accrued, or whether a refiled claim would be time-barred.

3

court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred."). Here, the Court finds no reason to again extend the time for serving Defendant Johnson. Plaintiff filed his complaint approximately six months ago, yet there is no evidence that Plaintiff has made an attempt to properly effect service on Defendant Johnson.

The Court has warned Plaintiff on two separate occasions that failure to effect service upon individual defendants would lead to dismissal of those defendants from this case. (See doc. nos. 3, 19.) Fed. R. Civ. P. 4(m) directs that, should a Plaintiff fail to timely effect service on a defendant, the Court shall "dismiss the action without prejudice against that defendant." Accordingly, in light of the circumstances discussed above, the Court finds it appropriate to recommend the dismissal of Plaintiff's claims against Defendant Johnson, irrespective of whether such claims would be time-barred if refiled. See Lepone-Dempsey, 476 F.3d at 1282. The Court therefore **REPORTS** and **RECOMMENDS** that Plaintiff's claims against Defendant Johnson be **DISMISSED** without prejudice for failure to timely effect service and that Defendant Johnson be **DISMISSED** from this case. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 8th day of November, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE